Argued and submitted April 13, affirmed August 3, 2022

In the Matter of the Custody of
Olivia Raeann Stevens and Jacob Daniel Stevens, Jr.,
Minor Children.
Tracy WEATHERSPOON,
*Petitioner-Respondent,*
*and*
Jacob D. STEVENS,
*Respondent-Appellant.*
Union County Circuit Court
20DR17164; A175912

515 P3d 924

In this appeal from a judgment dissolving an unregistered domestic partnership, respondent contends that the trial court erred in not treating his response to the petition for dissolution as a request for sole custody of the parties' minor children and in excluding evidence relating to custody, and further erred by applying an incorrect legal standard in determining how to divide the home in which the parties had lived. *Held*: The trial court did not err in rejecting respondent's last-minute request to have sole custody of the children and also did not err by applying an erroneous legal standard in determining how to divide the parties' assets.

Affirmed.

Wes Williams, Judge.

George W. Kelly argued the cause and filed the briefs for appellant.

Laura Graser argued the cause and filed the briefs for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

In this dissolution of an unregistered domestic partnership, respondent appeals from a judgment, entered after a trial, awarding petitioner sole custody of the parties' two children and dividing their assets.[1] In his first assignment of error, respondent contends that the trial court erred in not treating his response to the petition for dissolution as a request for sole custody and in excluding evidence of his request for sole custody. In his second assignment of error, respondent contends that the trial court erred in not dividing equally between the parties the home in which they had lived. We conclude that the trial court did not err and therefore affirm.

In her petition for dissolution of the domestic partnership, petitioner had requested sole custody of the parties' children; in his responsive pleading, respondent had requested joint custody. Joint custody was not a possibility, because both parents did not agree. ORS 107.169(3) ("The court shall not order joint custody, unless both parents agree to the terms and conditions of the order."). But respondent, who was not represented at the time he filed his responsive pleading but retained legal counsel a week later, did not amend his responsive pleading to request sole custody.

After the parties' separation, respondent had moved from the family home in Elgin, Oregon, to Spokane, Washington, for work. Petitioner had been unwilling to allow respondent to have physical parenting time with the children and had allowed little telephone contact. Shortly after petitioner had filed the petition for dissolution, respondent requested a status hearing asserting that he wanted more contact with the children, but he did not request a change in custody. The parties appeared *pro se* at the status quo hearing. The court and the parties discussed parenting time and the fact that petitioner was not allowing respondent to have any physical contact with the children. The court ordered that respondent would have parenting

---

[1] Parties who have registered their domestic partnership are entitled to the same rights and privileges as married persons, including the applicability of statutes pertaining to dissolution of marriage. ORS 106.340(8) (explaining applicability of laws relating to marriage to registered domestic partnerships).

time with the children that particular weekend and that, until trial, the "status quo" would be in place, meaning that respondent would have parenting time with the children every other weekend and have daily telephone or video contact with the children.

The parties appeared at a pretrial conference hearing 11 days before trial, this time represented by counsel. The parties did not discuss custody. At 5:11 p.m. on the day before the scheduled trial day, respondent's counsel filed a "Notice of Intent to Seek Custody," alleging that "major concerns for the safety of the household that they are currently in have arisen[.]"

On the morning of trial, petitioner objected to the last-minute request to place custody at issue. She asked the court to exclude evidence in support of respondent's request for sole custody or to reset the trial date. Respondent contended that his previous request for joint custody had placed the issue of custody before the court and that he should be able to present evidence in support of his request for sole custody.[2]

The trial court understood respondent to be requesting that his original responsive pleading, filed at a time before he had retained counsel, be liberally construed to request sole custody.[3] The court rejected respondent's request. Because of the untimeliness of respondent's notice to seek sole custody and the failure to seek to amend his response, as required by ORCP 23, the trial court struck the notice of intent to seek sole custody. The court treated petitioner's

---

[2] Respondent's counsel argued:

"Albeit, it's joint custody.

"So you can sort that out. But he—he did not in his initial pleadings say she should have custody. No, he wanted custody as well.

"Now, Oregon law says you can't have joint custody if both parties disagree. But if you were to award him [sole] custody of these children—which we think should happen based on what happened on the 12th of February—he could then agree to treat it almost as joint custody with her in the way he would work with her and parenting time."

[3] In colloquy with respondent's attorney, the trial court stated, "I see that your additional argument is, Your Honor, this man did not have the benefit of an attorney when he filed his response, and so I should liberally construe the response to allow justice." Respondent's attorney answered, "Yeah."

request to exclude evidence of custody as a motion *in limine* but said that it was "subject to being reconsidered if the door is opened."[4] The court advised respondent's counsel, "you're still free to make a motion to amend the pleadings based on the evidence the court has heard."

In his first assignment of error, respondent does not challenge the denial of his last-minute motion to seek sole custody. Rather, citing ORCP 12 A ("All pleadings shall be liberally construed with a view of substantial justice between the parties."), he contends that, when it became clear that joint custody would not be available, under a liberal construction of respondent's responsive pleading, the trial court was required to assume that respondent would be seeking sole custody. We reject the contention. There was no basis on which the trial court could have anticipated that, joint custody not being possible, respondent would intend to seek sole custody. ORCP 12 A did not require the trial court to construe the request for "joint custody" in the original responsive pleading as an implicit request for sole custody. In view of that conclusion, we also reject respondent's contention in his first assignment that the trial court erred in excluding evidence relating to sole custody.

Petitioner's mother deeded to petitioner the house in which she had grown up, and the parties lived there for approximately five and a half years before they separated. Petitioner obtained a home equity loan on the property at the time they moved in, and the parties used it for improvements to the home and for other purchases. The parties made payments on the loan from a joint account. Respondent contributed labor to the maintenance of the house and to a kitchen remodel.

For reasons disputed by the parties, in 2019, petitioner conveyed the house to the parties jointly. Petitioner testified that the conveyance was so that the parties could obtain a loan to start a business. Respondent disagreed that that was the reason his name had been added to the title. The deed provided for a right of survivorship and stated,

---

[4] It is not disputed that the trial court would not have excluded evidence of the alleged dangerous circumstance that had given rise to respondent's last-minute notice to request custody.

"The true and actual consideration for this conveyance is estate planning."

In his second assignment of error, respondent contends that the trial court erred in awarding the house, in which the parties had lived during the last five years of their relationship, to petitioner (subject to a remaining equity loan balance of $40,000), free and clear of any obligation to respondent. In respondent's view, it is not clear that the trial court applied the legal standard set out in *Beal v. Beal*, 282 Or 115, 577 P2d 507 (1978), which requires that the division of the assets of an unregistered domestic partnership be determined based on the parties' intentions. *See also Staveland and Fisher*, 366 Or 49, 58, 455 P3d 510 (2019) (adhering to standard). Respondent complains that, in its ruling, the trial court did not mention the parties' intentions, so it is not clear that the court considered them.[5] Respondent asks that we exercise our discretion to review the trial court's ruling *de novo*, which we decline to do. ORS 19.415(3)(b) (this court has "sole discretion" to allow *de novo* review in equitable proceedings); ORAP 5.40(8) (setting out standards). We have reviewed the record and conclude that, although the trial court did not mention the parties' intentions in its ruling, it is clear that the trial court understood the correct legal standard for dividing the assets of a nonmarital unregistered domestic partnership. We will assume that the trial court found the facts consistent with its ruling, *Stewart and Stewart*, 290 Or App 864, 866, 417 P3d 438, 442 (2018), and conclude, further, that the trial court's determination awarding the house to petitioner under that correct legal standard is supported by substantial evidence.

Affirmed.

---

[5] In its ruling the court said:

"[A]sset and debt distribution will be as follows. The most contentious item, obviously, is the home ***. I find [petitioner's] testimony credible that that's the family home, and that home has been in her family, and it was at one time free of debt. So the home *** will be awarded to [petitioner]."